IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEY BRADLEY,<br>　　　Plaintiff | ：　Civil No. 3:15-cv-2345 |
| | ： |
| | ：　(Judge Mariani) |
| v. | ： |
| | ： |
| SCI MAHANOY, *et al.*,<br>　　　Defendants | ： |

## **MEMORANDUM**

Plaintiff, Bey Bradley, an inmate currently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time she filed this action, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 5). An initial screening has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Plaintiff will be directed to file a properly supported amended complaint.

**I.**　**Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify

---

　　[1]　Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
　　(A) the allegation of poverty is untrue; or

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Discussion

Plaintiff's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

---

(B) the action or appeal --
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]  Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In the instant action, Plaintiff failed to submit a proper complaint for the Court's review. Instead, Plaintiff submitted two letters addressed to a prison counselor wherein she described an alleged sexual assault.[3] (Doc. 1, at 2-5).

Named as Defendants are SCI Mahanoy, Staff Sergeant Bonass, and Superintendent Scott Kerestes. (Doc. 1). Based on the following standards, Plaintiff is cautioned that SCI Mahanoy is not a person and may not be sued under § 1983. Section

---

[3] Upon careful review, these documents would more appropriately be considered as exhibits, rather than a complaint.

1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. It is well-settled that "prisons and other correctional facilities are not 'persons' within the meaning of § 1983." *Ogden v. Huntingdon County*, 2007 U.S. Dist. LEXIS 59808, *7 (M.D. Pa. 2007) (Conner, J.). Additionally, a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Accordingly, SCI Mahanoy is not a "person" within the meaning of § 1983 and is not a suitable entity for a § 1983 claim.

To the extent that Plaintiff wishes to name Staff Sergeant Bonass and Superintendent Scott Kerestes as Defendants, she is advised that the allegations must be supported by facts and must indicate the role each Defendant allegedly played in any constitutional violations. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992); *Cross v. Losinger*, 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, in light of Plaintiff's *pro se* status, she will be granted the opportunity to file an amended complaint. While Plaintiff will be afforded an opportunity to file an amended complaint, she is strictly cautioned that the allegations in the amended

complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## III. Conclusion

Given Plaintiff's *pro se* status, she will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of Court. The Clerk of Court will be directed to send Plaintiff two copies of this Court's form civil rights complaint which Plaintiff shall use for the proposed amended complaint

An appropriate Order will issue.

Date: May 19, 2016

Robert D. Mariani
United States District Judge